# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KRISTINA MANNUCCI,

Appellant,

v.

DEPARTMENT OF THE ARMY,

Agency.

DOCKET NUMBER
DC-0752-20-0749-I-1

DATE: January 15, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

Debra D'Agostino, Esquire, Washington, D.C., for the appellant.

Erika Alise McPherson, Esquire, Redstone Arsenal, Alabama,
for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her suspension appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant is a GS-12 Contract Specialist for the agency. Initial Appeal File (IAF), Tab 4 at 22. On May 20, 2020, the agency proposed to suspend her for 14 calendar days based on one specification of insubordination and one specification of AWOL. *Id*. at 234. On June 10, 2020, the deciding official upheld the proposal and stated that the appellant would be suspended from duty without pay, beginning Sunday, June 14, 2020, and that she was to return to duty on Sunday, June 28, 2020.[2] *Id*. at 27.

However, when June 14, 2020 arrived and the suspension began, the agency issued a Standard Form 50 (SF-50) indicating that the suspension was "NTE 28-Jun-2020," *id*. at 26, which would have been a period of 15 calendar days. On June 26, 2020, while the suspension was ongoing, the agency issued another SF-50, documenting a return-to-duty date of June 29, 2020. IAF, Tab 5 at 9.

According to the appellant, she was unaware of these SF-50s at the time they were issued, and she returned to the office on June 28, 2020, as indicated in the decision letter. *Id*. at 5. On July 2, 2020, the appellant finally examined these SF-50s, and she noticed the June 29, 2020 return-to-duty date. *Id*. The appellant then submitted a request for leave without pay (LWOP) for June 28, 2020, stating in the "Remarks" section, "Per SF-50."[3] *Id*. at 5, 12. The appellant's supervisor approved the request, and the appellant was carried on LWOP for that date. *Id*. at 5, 12-13.

---

[2] The appellant's schedule was from Sunday to Thursday, with Fridays and Saturdays off. IAF, Tab 4 at 10, Tab 5 at 4 n.1.

[3] It appears that the agency had previously instructed the appellant to request LWOP to cover the second week of her suspension, through June 25, 2020. IAF, Tab 5 at 5, 10. We have never heard of this practice, and it is unclear why the agency thought it was necessary.

The appellant filed a Board appeal of a suspension of more than 14 days, and she requested a hearing. IAF, Tab 1. The agency moved to dismiss the appeal on the basis that the appellant's suspension was for only 14 days and was therefore outside the Board's adverse action jurisdiction. IAF, Tab 4 at 7-13.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID). She found that the administrative errors in the SF-50s did not serve to convert the appellant's 14-day suspension to a 15-day suspension. ID at 9-10. She further found that "the appellant's failure to initially get paid for June 28, 2020, did not result in an additional day of the appellant's suspension." ID at 11.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 3, 5. After the close of the record, the Clerk of the Board issued an order directing the agency to provide evidence showing that the appellant had, in fact, been paid for June 28, 2020, as the agency had suggested. PFR File, Tab 6. Both parties responded to the order. PFR File, Tabs 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

For purposes of 5 U.S.C. chapter 75, a suspension is the placement of an employee, for disciplinary reasons, in a temporary status without duties and pay. 5 U.S.C. §§ 7501(2), 7511(a)(2); 5 C.F.R. § 752.402. The Board's adverse action jurisdiction extends to suspensions of more than 14 days. 5 U.S.C. § 7512(2); 5 C.F.R. § 752.402; *see Lazard v. U.S. Postal Service*, 93 M.S.P.R. 337, ¶ 4 (2003) (noting that "a suspension for less than 15 days is generally not appealable to the Board"). In this case, the sole jurisdictional question is whether the appellant was suspended for 14 days, through June 27, 2020, or for 15 days, through June 28, 2020.

In its response to the petition for review, the agency stated that it had "confirmed with human resources that on August 24, 2020, a corrected timecard

to pay Appellant for June 28, 2020 was submitted and Appellant never alleged in her pleadings that she still hadn't been paid for June 28, 2020." PFR File, Tab 5 at 10 n.4. The agency reported similarly in a pleading below. IAF, Tab 6 at 6. Noting that the statements of a party's representative in a pleading do not constitute evidence, the Clerk of the Board ordered the agency to provide evidence showing that the appellant had, in fact, been paid for June 28, 2020. PFR File, Tab 6.

The agency responded, stating that it was "providing two Declarations with persons with first-hand knowledge that Appellant was paid on June 28, 2020, along with documentary evidence to include Appellant's Leave and Earning statement printout (DoD Automated Time and Attendance Report) . . . ." PFR File, Tab 7 at 5. The declarations, however, say nothing of the kind. The first declaration, from a Supervisory Accountant, states that the suspension included June 28, 2020. *Id*. at 8. The second declaration, from the Resource Management Officer, is unresponsive. *Id*. at 10. Further, the time and attendance report that the agency submitted plainly shows the appellant in suspension status on June 28, 2020. *Id*. at 13. In reply to the agency's response, the appellant also has submitted documentary evidence showing that the agency carried her in suspension status on June 28, 2020, PFR File, Tab 8 at 14, and that her suspension encompassed a total of 48 working hours, which would be consistent with a 15-day suspension, from June 14, 2020, through June 28, 2020, *id*. at 12, 15.

The agency's response to the Board's order seems to be premised on a misunderstanding of the law. The agency appears to argue that this was an 11-day suspension because it only encompassed 11 workdays. PFR File, Tab 7 at 5, 8-10. However, this is not how suspensions are calculated. "Day," in this context, means calendar day, not working day. 5 C.F.R. § 752.402; *see Klimek v. Department of the Army*, 3 M.S.P.R. 139 (1980). When a period of suspension encompasses a regularly scheduled day off, that day off is still

included in the calculation. *Klimek*, 3 M.S.P.R. at 141-42. The agency's argument that the appellant was suspended for 11 workdays is tantamount to an admission that she was suspended for 15 calendar days (11 workdays plus 4 regularly scheduled days off).

Nevertheless, the record is not sufficiently developed at this stage for the Board to rule on the jurisdictional issue. The agency began this appeal by arguing that the appellant did not return to work until June 29, 2020, in defiance of instructions that she return on June 28, 2020. IAF, Tab 4 at 10, 12. When the appellant responded, she indicated that she "reported for duty, and returned to her office," on June 28, 2020, but was "unable to access her personnel records, etc., on that day." IAF, Tab 5 at 5. The agency then relied on the same to abandon its prior claim and instead assert that the appellant "went to work" on June 28, 2020. IAF, Tab 6 at 6. However, neither party provided adequate explanation or evidence about whether the appellant was in duty status and worked that day. This is especially glaring in light of the agency's changed allegations about whether the appellant was in the office on June 28, 2020, IAF, Tab 4 at 10, 12, Tab 6 at 6, and its repeated claims that the appellant was paid for that day, IAF, Tab 6 at 6; PFR File, Tab 5 at 10 n.4, Tab 7 at 5, as compared to the time and attendance records it submitted in response to our inquiry about the matter showing that the appellant's unpaid "suspension" status extended through June 28, 2020, PFR File, Tab 7 at 13.

It may be that the appellant's status on June 28, 2020 does not fit the statutory definition of "suspension." *See Smith v. Department of the Air Force*, 14 M.S.P.R. 112, 114 (1982) (observing that a suspension, by definition, requires placement in a non-duty status, and not just a non-pay status). In particular, it may be that the appellant was effectively placed in duty status without pay for

June 28, 2020.[4] Or, it may be that the appellant was not authorized to work on June 28, 2020, but she did so anyway based on a misunderstanding. There does not appear to be any Board caselaw governing that situation. Alternatively, it may be that the appellant attempted to return to work on June 28, 2020, but the agency effectively kept her in a non-duty status and prevented her from working.

When an appellant makes a nonfrivolous allegation that the Board has jurisdiction over an appeal, she is entitled to a hearing on the jurisdictional question. *Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007). Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id*. Also, of note, the Board is not obliged to accept the assertion of a party as to the nature of a personnel action but may make its own independent determination regarding the matter. *See, e.g., Aguzie v. Office of Personnel Management*, 116 M.S.P.R. 64, ¶ 26 (2011); *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 704 (1981).

Under the circumstances presented here, we find that the record contains nonfrivolous allegations that the appellant's suspension extended to a 15th day, such that the appellant is entitled to a jurisdictional hearing. We therefore remand this case for the administrative judge to conduct a jurisdictional hearing and collect additional argument and evidence on this issue before deciding anew whether the appellant was subjected to an appealable adverse action.

---

[4] Even if it turns out that the appellant's suspension is outside the Board's jurisdiction, if she worked on June 28, 2020 without being paid, she may have a claim against the Government for her pay on that date, albeit in another forum. *See generally* 31 U.S.C. § 1342 (setting forth a limitation on voluntary services).

**ORDER**

For the reasons discussed above, we remand this case to regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.